J-S61034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL COREANO, | : | |
| | : | |
| Appellant | : | No. 892 MDA 2015 |

Appeal from the Judgment of Sentence Entered March 4, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0001828-2014

BEFORE:   PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED NOVEMBER 13, 2015**

Emmanuel Coreano (Appellant) appeals from his aggregate judgment of sentence of 15 to 30 years of imprisonment following his open plea of guilty but mentally ill to charges of attempted homicide, burglary, and two counts of aggravated assault.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

At his plea colloquy, Appellant admitted to the following facts. Appellant and Victim, his wife Yesinia Coreano, had lived with their son and Victim's two children from a prior relationship in a home owned by Victim's father in Lancaster.  In February 2014, Victim asked Appellant to leave the home.  Appellant moved out, but continued to visit the residence to

*Retired Senior Judge assigned to the Superior Court.

interrogate the children about Victim's activities. Victim obtained a protection from abuse (PFA) order against Appellant on February 24, 2014.

On March 18, 2014, beginning at approximately 8:00 p.m., Victim and her family began experiencing problems with the house's utilities. The lights repeatedly turned on and off, and the water shut off while Victim was showering. A friend Victim called to the house discovered that the breaker in the basement was in the off position.

The following morning, Victim's car would not start, and her friend who spent the night at the house drove the oldest child to school. Victim remained in the house with the two younger children. The lights in the house resumed going on and off, prompting Victim to call her father. Victim's father reset the breaker switch and told Victim he would return in the afternoon to take Victim to work.

When the lights went out again, Victim went to the basement and was attacked by Appellant, who had been lying in wait for Victim since the previous evening. Appellant stabbed Victim at least 17 times in her torso and pelvic area and then fled the house. Victim crawled up the stairs and called the police for help, while her two toddlers saw her covered in blood. Victim's life-threatening injuries were able to be repaired surgically, although she continued to suffer adverse physical effects from the attack.

Following Appellant's arrest, he was examined by Dr. Jerome I. Gottlieb who opined that Appellant was competent to stand trial and had understood what he was doing and that it was wrong at the time he attacked Victim, but that Appellant's mental illness was so severe that he was unable to conform his behavior to the requirements of the law.[1] Guilty Plea Hearing, Exhibit 1 at 15-16.

On December 22, 2014, following a colloquy, the trial court accepted Appellant's plea of guilty but mentally ill. A presentence investigation was ordered, and the case proceeded to sentencing on March 4, 2015. After hearing from Appellant, Appellant's best friend, and Victim, the trial court sentenced Appellant to an aggregate term of 15 to 30 years of imprisonment.[2] Appellant timely filed a motion to modify sentence, which was denied by order of April 16, 2015. On May 15, 2015, Appellant timely filed a notice of appeal.

In response to the trial court's order to file a statement of errors complained of on appeal, counsel for Appellant filed a statement of intent to

---

[1] Among other things, Dr. Gottlieb discussed the fact that, when Appellant was in fourth grade, his older brother "kidnapped his daughter before killing them both by setting the car on fire." Guilty Plea Hearing, Exhibit 1 at 4. Appellant had previously attempted suicide in the same manner, but survived. *Id.* Appellant also attempted suicide by slitting his wrists before he went to Victim's house on March 18, 2014. *Id.* at 5.

[2] Specifically, Appellant received 15 to 30 years for the attempted murder conviction, with the assault counts merging for sentencing purposes, and a concurrent three to ten years for the burglary conviction.

file an *Anders* brief.  In this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).  Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's

- 4 -

conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[3] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

In her ***Anders*** brief, counsel indicates that she has found no issues of arguable merit, but notes that Appellant wishes to challenge the length of his sentence. ***Anders*** Brief at 8.

"A defendant … whose plea of guilty but mentally ill is accepted … may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense." 42 Pa.C.S. § 9727(a).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

---

[3] Appellant has not responded to counsel's petition to withdraw.

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted). "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Fowler***, 893 A.2d 758, 766-67 (Pa. Super. 2006) (quotation marks and citation omitted).

Before we consider whether there has been an abuse of sentencing discretion, we must determine whether the question is properly before us.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a

fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal after preserving the issue by filing a motion to modify sentence. We do not have a 2119(f) statement before us, but note that "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

In his motion to modify sentence, Appellant argued that the trial court abused its discretion in failing (1) "to balance the impact on the victim with the mitigating factors that the [trial c]ourt acknowledged were present," and (2) "to give proper consideration to [Appellant's] rehabilitative needs, lack of significant prior record, his age and education level, and that he did not put the victims through the trauma of testifying at trial." Motion to Modify Sentence, 3/16/2015, at unnumbered pages 2 and 3.

"It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question." *Commonwealth v.*

***Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). However, "a claim of **inadequate** consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation and quotation marks omitted) (emphasis added). Assuming *arguendo* that Appellant's allegations in the instant case, if properly made in a 2119(f) statement, would raise a substantial question, there is no merit to a claim that his sentence resulted from an abuse of discretion.

The trial court, with the benefit of a presentence investigation report, as well as the extensive discussion of Appellant's mental health contained in Dr. Gottlieb's report, offered the following explanation for its sentence.

> [Appellant], you are a troubled soul. I believe that completely and I can see that. I can see how that happened.
>
> I mean, you know, I don't think it did you any good when your brother burned himself and his child alive in the car. Obviously, that had a significant impact on you. You tried to repeat that particular pattern.
>
> And personally, I can't think of a more horrible way to die than burning alive, and yet you chose to try to do that to yourself. That convinces me there are serious mental health problems here.
>
> If I could wave a wand over your head and cure you, I would do that and we would send you out … the front door and never have to worry about something like this again. But I can't.
>
> We do have to worry about it again, [Appellant]. This was an exceptionally brutal crime, and to be quite frank, it was

seemingly well thought out. … [Y]ou set this up so that she would have to come down there, and you were there.

* * *

[L]ying in wait is exactly what you did here, and it is a particularly dastardly thing in my mind. Ambush. You know, it's totally out of the blue. Someone's not expecting this in the slightest.

I understand your mental illness. I know that you're struggling with it. But the fact of the matter is, if you cannot control it -- and sometimes you cannot control it, and I'm not blaming you necessarily for doing that in the slightest. But if you can't control it, you are very dangerous, and I believe, quite frankly, capable of doing something like this again.

So I have to think of other people, not just you. I have to think of other people who you might hurt, people that you once loved.

I think it's absolutely necessary to protect those types of people. I think it's also necessary for the children to know that you won't be able to harm them while they are children; that you have to be away for the period of time that they grow up so they can grow up and have whatever normal childhood is left to them at this particular time.

N.T., 3/4/2015, at 19-22.

From this statement, it is abundantly clear that the trial court fashioned its sentence in light of Appellant's character and the specific circumstances Appellant's crimes, with the goal of protecting the public in general, and Appellant's family in particular, from future harm.

Appellant has a prior record score of 1. The statutory maximum sentence for attempted homicide with serious bodily injury is 40 years, and

the guidelines present a standard range sentence of 8½ years to the statutory limit. For burglary the maximum is 20 years, and the guidelines call for standard range sentences of 3 to 4 years. Thus, Appellant received standard-range sentences, and the trial court ordered them to run concurrently, contrary to the request of the Commonwealth.

We do not hesitate in concluding that the aggregate sentence of 15 to 30 years was not an abuse of discretion. Thus, we agree with counsel that Appellant's issue regarding the length of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/13/2015

- 10 -